USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __04/29/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY PAUWELS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIT DIGITAL, INC., MIN HU, and ERKE HUANG,<br><br>Defendants. | Case No. 1:21-cv-00515-ALC<br><br>CLASS ACTION |
| ZHONGXUN YANG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIT DIGITAL, INC., MIN HU, and ERKE HUANG,<br><br>Defendants. | Case No. 1:21-cv-00721-ALC<br><br>CLASS ACTION |
| JOSEPH FRANKLIN MONKAM NITCHEU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIT DIGITAL, INC., MIN HU, and ERKE HUANG,<br><br>Defendants. | Case No. 1:21-cv-02262-ALC<br><br>CLASS ACTION |

**ORDER GRANTING THE MOTION OF JOSEPH FRANKLIN MONKAM NITCHEU FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

On the motion of Joseph Franklin Monkam Nitcheu, and the Court having read all parties' papers, and considered all arguments of counsel, and good cause appearing,

IT IS THIS __29__ day of __April__, 2021, ORDERED as follows:

1. The actions captioned *Yang v. Bit Digital, Inc., et al.*, No. 1:21-cv-00721-ALC (S.D.N.Y.) and *Nitcheu v. Bit Digital, Inc., et al.*, No. 1:21-cv-02262-ALC are hereby consolidated under the above-captioned docket in the first-filed, lowest-numbered *Pauwels v. Bit Digital, Inc., et al.*, No. 1:21-cv-00515-ALC (S.D.N.Y.), and the consolidated action shall be captioned: *In re Bit Digital, Inc. Securities Litigation*.

2. The file in Case No. 1:21-cv-00515-ALC shall constitute the master file for every action in the consolidated action. The Clerk shall administratively close the other cases. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:." When a pleading applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:," the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

3. All securities class actions relating to the same or substantially similar alleged wrongdoing by Defendants on behalf of the same or substantially similar putative class that is subsequently filed in, or transferred to, this District shall be consolidated into this action. This Order shall apply to every such action, absent an order of the Court. A party objecting to such consolidation, or to any other provisions of this Order, must file an application for relief from this Order within ten days after the action is consolidated into this action.

4. This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, with good cause shown.

5. Mr. Nitcheu is hereby appointed as Lead Plaintiff. Mr. Nitcheu satisfies the requirements for lead plaintiff pursuant to Section 21D(a)(3)(B)(iii) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

6. Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, the Court approves of Mr. Nitcheu's selection of Block & Leviton LLP as lead counsel ("Lead Counsel").

7. Lead Counsel shall have the following responsibilities and duties, to be carried out personally or through counsel whom Lead Counsel shall designate:

   a. to coordinate the briefing and argument of motions;

   b. to coordinate the conduct of discovery proceedings;

   c. to coordinate the examination of witnesses in depositions;

   d. to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

   e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

   f. to coordinate all settlement negotiations with counsel for Defendants;

   g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

   h. to supervise any other matters concerning the prosecution, resolution, or settlement of this action.

8. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Lead Counsel.

9. Counsel in any related action that is consolidated with this Action shall be bound by this organization of Plaintiffs' counsel.

10. Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

11. Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, shall serve as the spokespersons for plaintiff's counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

12. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as data and electronic mail, containing information which is relevant or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

13. The parties shall file a joint status report proposing a schedule with respect to filing of an amended complaint or a consolidated amended complaint, and any responsive pleadings or motions by no later than May 7, 2021.

Signed this __29__ day of __April__, 2021.

_____
THE HONORABLE ANDREW L. CARTER, JR.
UNITED STATES DISTRICT COURT JUDGE

3